UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE LOCAL NO. 1, IBEW PENSION BENEFIT TRUST FUND, et al., | )<br>)<br>)<br>) |
| Plaintiff(s), | )<br>) |
| vs. | ) Case No. 4:10CV2114 JCH<br>) |
| PAMELA WRIGHT a/k/a PAMELA DALLAS, et al., | )<br>)<br>) |
| Defendant(s). | )<br>) |

**ORDER**

This matter is before the Court on Defendant Eloise Walker's Motion for Appointment of Counsel, filed February 15, 2011. (Doc. No. 25). There is no constitutional or statutory right to appointed counsel in a civil case. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, courts consider factors that include whether the party has presented non-frivolous allegations supporting her prayer for relief, whether the party will substantially benefit from the appointment of counsel, whether there is a need to further investigate and present the facts related to the party's allegations, and whether the factual and legal issues presented by the action are complex. See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering Defendant Eloise Walker's Motion for Appointment of Counsel in view of the relevant factors, the Court finds that the facts and legal issues presented in the instant case are not so complex as to warrant the appointment of counsel at this time. In addition, the pleadings filed by Eloise Walker indicate that she is capable of presenting the facts and legal issues without the

assistance of counsel. Defendant Eloise Walker's Motion for Appointment of Counsel will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Eloise Walker's Motion for Appointment of Counsel (Doc. No. 25) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Eloise Walker is granted until **Friday, March 18, 2011**, within which to file her response to Defendant Pamela Wright's Motion for Summary Judgment (Doc. No. 21). Failure to do so will result in the Court's ruling on Defendant Wright's unopposed motion.

Dated this 17th day of February, 2011.

/s/ Jean C. Hamiton
UNITED STATES DISTRICT JUDGE